```
___FILED      ___ENTERED
___LODGED     ___RECEIVED
       APR 2  2011       DJ
           AT SEATTLE
     CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT O  WASHINGTON
                              DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Christian Cho )
)
Plaintiff, )   **CV11 674** MJP
) Case No:
vs. )
) **COMPLAINT**
)
Bishop, White, Marshall & Weibel, P.S. )   **JURY TRIAL DEMANDED**
)
Defendant. )
)

## NATURE OF ACTION

Plaintiff is an individual consumer seeking damages from Defendant, Bishop, White, Marshall & Weibel, P.S. (Hereinafter BWMW). Defendant violated the law under the Fair Debt Collection Practices Act, 15 USC 1601, et seq. (Hereinafter FDCPA) and the revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for Defendants violations under the Fair Credit Reporting Act. (Hereinafter FCRA). Plaintiff alleges that the below described actions will show how the Defendant has violated various federal & State laws forbidding such illegal practices.

## JURISDICTION AND VENUE

1

11-CV-00674-CMP

1. This court has supplemental jurisdiction over plaintiff's pendent federal law claims pursuant to section 813 [15USC 1692k] and [15USC 1681].

2. Venue in this District is proper in that Plaintiff resides here.

## PARTIES

3. Plaintiff, Christian Cho with the address of 852 Summerhill Ridge Dr NW. Issaquah, WA 98027-5657. Telephone number (206) 229-3949.

4. Plaintiff is a "consumer as defined by the FDCPA, 15 USC 1692a(3), and a "debtor" as defined by RCW 19.16.100(11).

5. Defendant Bishop, White, Marshall & Weibel, P.S. is registered to conduct business in the State of Washington with its principle place of business at 720 Olive Way, Suite 1201. Seattle, WA 98101-1801. It may be served at its place of business.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 USC 1692a(6), and a "licensee," as defined by RCW 19.16.100(9).

7. Defendant, as an agent on behalf of the principle, Chase Bank USA, N.A. is liable for the violations of the FCRA and the FDCPA.

## FACTUAL ALLEGATIONS

8. The Defendant BWMW is a 3rd party debt collector as such is governed under the law by the Fair Debt Collection Practices Act.

9. The Defendant as the agent on behalf of the principle, Chase Bank USA, N.A. is liable for the violations of the FCRA.

10. On or about January 12, 2011 BWMW sent a debt collection notice attempting to collect on an alleged debt. (Exhibit A).

2

11. Being from a law firm, Plaintiff interpreted the content as involving a legal claim in which he was being alleged as being somehow involved.

12. Defendants letter goes on to claim; "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account". (Exhibit A).

13. Defendants violated 1692e(3), coming from a law firm, and believing that a lawyer would have to actually review the matter before making what appeared to be a demand for payment under some type of legal penalty, Plaintiff was confused upon reading it.

14. Consistent, with Plaintiffs perceptions, it is averred that the least sophisticated consumer, upon receiving a communication from an attorney for the lender would likely believe that the debt collection process had entered into a phase where the lender through its attorney, was proceeding towards litigation to collect an allege debt. No other reasonable conclusion could be drawn from the wording used by Defendant.

15. Defendants violated 15USC 1692g(a) when an attorney announces his involvement, Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had no knowledge of its validity.

16. Upon information and belief, Defendants violated 15 USC 1692e by using its title and status as an attorney to make false, deceptive and confusing statements to plaintiff, and that it used the authority and credibility of its letterhead to threaten litigation and create a heightened sense of urgency without a meaningful review of the consumers account. 1692e (10).

17. Plaintiffs responded to Defendant BWMW confusing collection letter with a dispute/validation letter on January 25, 2011. (Exhibit B).

18. Defendant received plaintiff's dispute/validation letter on January 31, 2010. (Exhibit C).

19. To date, Plaintiff has never received validation of the alleged debt from the Defendant.

20. Defendant violated 15 USC 1692g(b) continued collection activity by not marking the account in dispute and continuing on a monthly basis of updating Plaintiffs credit report, prior to providing validation of the alleged debt to the Plaintiff. (Exhibit D).

21. Defendants conduct, violated 15 USC 1692(e) by making false and misleading representations in connection with the collection of an alleged debt. Defendants asked for or demanded a sum of money based on an undocumented and unverified claimed that Plaintiff allegedly owed.

22. Defendants conducted violated the FCRA section 623 15 USC 1681s-2 Duty of furnisher by furnishing inaccurate information to the credit reporting agencies.

23. Defendants conduct violated FCRA section 623 15 USC 1681s-2 After Plaintiff notified Defendant the allege debt is in dispute and Defendant by updating to the (3) three credit reporting agencies in the months of February, March and April prior to providing proof of their claim to the allege debt.

24. Defendants conduct violated Section 611 (a)(2) 1681i Duty to provide notice of dispute, as Defendant has not provided to the (3) three credit reporting agencies in the months of February, March and April to reflect that the information is in dispute by the creditor. (Exhibit D).

25. Defendants conduct violated 15 USC 1681 b (a) and have no permissible purpose to be in the consumers credit report. (Exhibit E).

4

26. Defendant's aforementioned activities were conducted in a manner highly offensive to a reasonable person. As a result of Defendants behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish, emotional distress, damaged Credit standing, reputation, inability to apply for credit, Plaintiffs credit report and denial of Plaintiffs home loan modification.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff realleges and incorporates the allegations of all previous paragraphs of the complaint as if stated fully herein.

28. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the FDCPA.

## COUNT TWO
## VIOLATION OF WASHINGTON COLLECTION AGENCY ACT
## ( WASHINGTON CONSUMER PROTECTION ACT)

29. Plaintiff realleges and incorporates the allegations of all previous paragraphs of the complaint as if stated fully herein.

30. The foregoing acts and omissions constitute unreasonable practices in violation of Washington's Collection Agency Act/ Consumer Protection Act.

## COUNT THREE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

31. Plaintiff realleges and incorporates the allegations of all previous paragraphs of the complaint as if stated fully herein.

5

32. The foregoing acts and omissions constitute unreasonable practices in violation of the FCRA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants conduct violated the FDCPA and the FCRA.

B. Actual damages:

C. Statutory Damages:

D. Punitive damages

E. For all costs associated with and incurred in the prosecution of this action.

F. Cease and desist from further collection activities by the Defendants.

G. A signed agreement/settlement saying no further contact with Plaintiff will be made.

H. For such other and further relief as may be just and proper.

Respectfully submitted this ___20___ day of April, 2011.

_____
Christian Cho

**Certificate of service**

I, Karin Cho, certify that on April __20__, 2011, I mailed a true and correct copy of the above and foregoing complaint to: Bishop, White, Marshall & Weibel, P.S. 702 Olive Way, Suite 1201. Seattle, WA 98101

_____
Karin Cho

6

**EXHIBIT "A"**



**Bishop, White, Marshall & Weibel, P.S.**
ATTORNEYS AT LAW

WILLIAM L. BISHOP, JR.
KRISTA L. WHITE
ANN T. MARSHALL
DAVID A. WEIBEL
LAURIE K. FRIEDL
ANNETTE E. COOK
DANIEL L. HEMBREE
HALLIE N. ZIMMERMAN
BARBARA L. BOLLERO
JEFFREY S. MACKIE
KENNARD M. GOODMAN
JEROME M. YALON, JR
THERESE S. HARRIS
PETER R. OSTERMAN
ROY T.J. STEGENA
MARISA A. BENDER

* Also Admitted in Oregon
** Also Admitted in Idaho
*** Also Admitted in Alaska
**** Also Admitted in California
***** Admitted in California
****** Also Admitted in Illinois

January 12, 2011

**CHANGE SERVICE REQUESTED**

#BWNNVPP
HERBERT C CHO and DOE I            CLA10231
852 SUMMERHILL RIDGE DR N
ISSAQUAH, WA 980275657

Re:   Chase Bank USA, N.A. - HERBERT C CHO and DOE I
      Acct. No. 4266841073279315       Principal Balance: $14,282.36

Dear HERBERT C CHO and DOE I:

Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account, and no decision has yet been made as to whether further action is appropriate. As of the date of this letter you owe the amount listed above.

**This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt or any portion thereof, within thirty (30) days of the receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.**

Payment options are set forth in the enclosed schedule. If you would like to discuss these or other options, please call our office at 206-622-5306 or toll free at 877/259-1016 ext. 8811 to resolve this matter.

Very truly yours,
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.

[ ] Krista L. White WSBA 8612
[ ] Laurie K. Friedl WSBA 35598
[ ] Jeffrey S. Mackie WSBA 35829
[ ] Peter R. Osterman WSBA 27803
[✓] Marisa A. Bender WSBA 38191

CLA10231  ADEM_CHASELT

720 Olive Way, Suite 1201          Tel (206) 622-5306  Fax (206) 622-0354
Seattle, WA 98101-1801             www.bwmlegal.com

**EXHIBIT "B"**

Herbert Cho  (Certified mail # 70100780000228118148 )
852 Summerhill ridge Dr N
Issaquah, WA 98027


Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101-1801


Sir or Madam:

You are in receipt of notice under the authority of The Fair Debt Collections Practices Act regarding your Acct #4266841073279315. It is not now, nor has it ever been my intention to avoid paying any obligation that I lawfully owe. In order that I can make arrangements to pay an obligation which I may owe, please document and verify the "debt" by complying in good faith with this request for validation and notice that I dispute part of, or all of the alleged debt.

1. Please furnish a copy of the original promissory note or other instrument evidencing a contract for debt redacting my social security number to prevent identify theft and state under penalty of perjury that your client named above is the holder in due course of the promissory note or other debt instrument and will produce the original for my own and a judge's inspection should there be a trial to contest these matters. Please state that you know and understand that credit card member agreements are unilateral contracts of adhesion and the superior party is prohibited by law from suing for breach of said contract. Please also acknowledge that suits for collection of a credit card debt are amenable to only one theory of law, "on an open account" requiring proof of each and every alleged usage of the credit card. Also, if an insurance claim has been paid on a charged off credit card, since credit card are installment contracts and not negotiable instruments, please acknowledge that the debt is extinguished and a suit on the credit card member agreement would constitute fraud.

2. Please produce the account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect. Reminder: since the only theory of indemnity is "on an open account" please state the name, address and phone number of each and every merchant or vender you intend to call as a witness to show usage on the account.

3. Please identify by name and address all persons, corporations, associations, or any other parties having an interest in legal proceedings regarding the alleged debt. Reminder: if the account has been charged off and sold, the contractual obligation to the original maker is extinguished and advancing a claim in the name of the original maker of the debt would constitute fraud and mail fraud.

4. Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of debt and are proceeding with collection activity in the name of the original maker of the note.

5. Please verify under penalty of perjury that you know and understand that certain clauses in a contract of adhesion, such as a so-called forum selection clause, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity.

6. Please verify under penalty of perjury that you know and understand that credit card contracts are a series of continuing offers to contract and as such are non-transferable in addition to not being a negotiable instrument.

7. Please provide verification from the stated creditor that you are authorized to act for them.

8. Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false with the intention that others rely on the written communication to their detriment.

9. If you fail to provide the above the information requested within 10 days of receipt of this letter I will assume that your request is invalid and, an act of fraud. If this so called account is sold to any person or company after this letter then that action shows your request was invalid and, a admission that your claim was indeed done under false pretense thus showing an act of fraud, and damages to my credit worthiness and character.

Date 1/25/2011

_____
Herbert Cho



**EXHIBIT "C"**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery  JAN 3 1 2011 |
| 1. Article Addressed to:<br><br>Bishop, White, Marshall & Weibel<br>720 Olive Way, Suite 1201<br>Seattle, WA 98101-1801 | D. Is delivery address different from item 1?  ☐ Yes  ☒ No<br>If YES, enter delivery address below: |
|  | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
|  | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7010 0780 0002 2811 8148 |

PS Form 3811, February 2004

**EXHIBIT "D"**

**HERBERT CHRISTIAN CHO**
Report As Of: 4/8/2011



## Credit Cards, Loans & Other Debt

Here you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your report indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

### CHASE

**Potentially Negative Closed**

800-955-9900

PO BOX 15298
WILMINGTON, DE 19850

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Account Name | CHASE | CHASE BANK USA, NA | CHASE |
| Account # | 42668410XXXX | 42668410XXXX | 42668410XXXX |
| Account Type | Credit Card | Revolving or Option | Revolving account |
| Balance | $14,282.00 | $14,282.00 | $14,282.00 |
| Past Due | $14,282.00 | $14,282.00 | $14,282.00 |
| Date Opened | 12/1/2002 | 12/1/2002 | 12/31/2002 |
| Account Status | Closed | | Closed |
| Mo. Payment | | | |
| Payment Status | Charge-off | Bad debt & placed for collection & skip | Charged off as bad debt |
| High Balance | | $14,282.00 | $29,197.00 |
| Limit | $14,700.00 | | $14,700.00 |
| Terms | Revolving | | |
| Comments | Credit line closed-grantor request-reported by subscriber | CHARGED OFF ACCOUNT ACCOUNT CLOSED BY CREDIT GRANTOR | Canceled by credit grantor |

**24/Mo Payment History**

| Month | 2009 | | | | | | | | | | 2010 | | | | | | | | | | | 2011 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB |
| Experian | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | 120 | KD | KD | KD | KD | KD | KD |
| Equifax | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | |

**EXHIBIT "E"**

HERBERT CHRISTIAN CHO  
Report As Of: 4/8/2011

## Credit Inquiries

Here you will find the names of those who have obtained a copy of your credit report, including lenders, landlords and employers. Remember, inquiries remain on your report for up to 2 years.

| BISHOP WHITE |  Experian | Equifax | TransUnion |
|---|---|---|---|
| 206-622-5306<br>720 OLIVE WY<br>SUITE 1301<br>SEATTLE, WA 98101 | Business Name<br>Inquiry Date<br>Business Type | | BISHOP WHITE<br>1/7/2011<br>Personal services other than medical |