Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTIAN CHO,<br><br>    Plaintiff,<br><br>    vs.<br><br>BISHOP, WHITE, MARSHALL & WEIBEL, P.S.,<br><br>    Defendant. | No. C-11-674-MJP<br><br>DEFENDANT'S MOTION TO DISMISS CERTAIN CAUSES OF ACTION UNDER RULE 12(b)(6)<br><br>Noted for Hearing:<br>May 27, 2011 |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Bishop, White, Marshall & Weilbel, PS ("Bishop") asks this Court to dismiss the complaint filed by plaintiff Christian Cho ("Cho"). Cho has alleged three causes of action against Bishop, including a number of alleged violations of: (1) the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Washington's Consumer Protection Act, Chapter 19.86, RCW ("CPA"), and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). This Court should dismiss all of Cho's claims as a matter of law under Rule 12(b)(6), with the exception of the CPA claim and claim for the alleged violation of 15 U.S.C. § 1692(e). Those claims will be addressed in a subsequent summary judgment motion because they will require evidence beyond the pleadings.

Bishop notes that it has moved to consolidate cause no C-11-673-JCC, brought by Woon Hwang, and cause no. C-11-674-MJP, brought by Christian Cho. (Dkt. 3). Bishop has also filed

DEFENDANT'S MOTION TO DISMISS CERTAIN CAUSES OF ACTION UNDER RULE 12(b)(6) - 1
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

practically identical Rule 12(b)(6) motions in both of these cases due to the time constraints in responding to the plaintiffs' respective nearly identical complaints. However, in order to avoid potentially conflicting rulings, Bishop requests that these two Rule 12(b)(6) motions be heard and decided together.

## II. FACTS

Pursuant to Rule 12(b)(6), Bishop will not dispute factual allegations set forth in Cho's complaint, but reserves the right to dispute them later. As set forth in the standards below, the Court need not accept the legal conclusions set forth by Cho as true.

Cho works in a law firm. (Dkt. 1 at ¶ 11). On or about January 12, 2011, Cho received a letter sent by Bishop. (Dkt. 1 at ¶¶ 10-11, Ex. A). Cho responded to Bishop's letter with a "dispute/validation letter". (Dkt. 1 at ¶ 17, Ex. B). Cho alleges that Bishop took no further action to collect the debt. *See* (Dkt. 1 at ¶ 19). Cho sets forth the following alleged violations:

1.  Cho alleges that Bishop violated 15 U.S.C. § 1692e(3) by not having personally reviewed all of Cho's records regarding Cho's account with Chase Bank USA, NA ("Chase") prior to sending the letter to Cho. (Dkt. 1 at ¶¶ 12-13, Ex. A).

2.  Cho alleges that Bishop violated 15 U.S.C. § 1692g(a) by writing the letter without first having personal knowledge regarding the extent of the debt's validity.

3.  Cho alleges that Bishop violated 15 U.S.C. § 1692(b) by not contacting the credit reporting agencies and advising that the debt was in dispute, and because Bishop did not continue updating Cho's credit report on a monthly basis. (Dkt. 1 at ¶ 20).

4.  Cho alleges that Bishop violated 15 U.S.C. § 1692(e) by making false and misleading representations in connection with the debt. (Dkt. 1 at ¶ 21).

5.  Cho alleges that Bishop violated the FCRA, 15 USC § 1681s-2 by furnishing the credit reporting agencies with inaccurate information. (Dkt. 1 at ¶ 22).

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 2
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

6.  Cho alleges that Bishop violated the FCRA, 15 USC § 1681s-2 by not contacting the credit reporting agencies and advising that the debt was in dispute, and because Bishop did not continue updating Cho's credit report on a monthly basis. (Dkt. 1 at ¶ 23).

7.  Cho alleges that Bishop violated 15 U.S.C. § 1681(b)(1) by obtaining a copy of Cho's credit report.

### III.  POINTS AND AUTHORITIES

**A.  Standard for motions under Fed. R. Civ. P. 12(b)(6).**

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("the pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (some citations and quotation marks omitted).

In *Twombly*, the Court rejected the "no set of facts" previously used as the standard in Rule 12(b)(6) cases, and adopted instead a plausibility standard. *Id*. at 558-63.  It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability. *Id*. at 557. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. at 556. Although a court considering a motion to dismiss accepts the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id*.

The need at the pleading stage for allegations plausibly suggesting an element of the claim reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 3
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

enough heft to "show[] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the element necessary to make out a claim. *Id*. at 557. When plaintiff's allegations cannot raise a claim of entitlement to relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 557-58. In addition, the court does not need to accept as true allegations contradicting documents that are referenced in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

### B.   Bishop did not violate 15 U.S.C. § 1692e(3) as a matter of law.

Cho alleges that Bishop violated 15 U.S.C. § 1692e(3) by including a disclaimer regarding review of Cho's file and for not having reviewed all of Cho's records regarding Cho's account with Chase Bank USA, NA ("Chase") prior to sending the letter to Cho. (Dkt. 1 at ¶¶ 12-13, Ex. A).

In fact, some federal courts have found that the absence of such language is deceptive. In *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2nd Cir. 2005), the court held:

> … attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

*Id*. at 364.

"In contradistinction to the letters at issue in *Clomon* and *Miller*, the defendants' letter included a clear disclaimer explaining the limited extent of their involvement in the collection of Greco's debt." *Id*. at 365.

> In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims. Accordingly, the district court was correct to conclude, as a matter of law, that the defendants had not used any "false, deceptive, or misleading representation or means in connection with the

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 4
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

collection of any debt," 15 U.S.C. § 1692e, including the "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), with meaningful involvement as an attorney in the debtor's case.

*Id*. *See also Miller v. Wolpoff & Abramson, L.L.P.*, 471 F. Supp. 2d 243, 249 (E.D. N.Y. 2007) ("The meaningful involvement requirement may be relaxed where a debt collection letter is signed by an attorney but includes a disclaimer about the extent to which attorneys are involved in reviewing individual debtors' cases").

While the Ninth Circuit has not directly addressed this issue, district courts within the Ninth Circuit have held that such a disclaimer should be provided in order not to confuse the least sophisticated consumer about the attorney's level of involvement. For example, in *Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp. 2d 1109 (D. Or. 2009), the district court held:

> In particular, a debt collector may not falsely represent or imply "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Accordingly, a debt collector may not falsely imply he has made a legal assessment of a debt when he has not.

*Id.* at 1114.

Cho's claim that Bishop violated 15 U.S.C. § 1692e(3) is therefore in direct conflict with the law within this circuit. As a matter of law, Cho's claim under 15 U.S.C. § 1692e(3) fails, and should be dismissed.

C.     **Bishop did not violate 15 U.S.C. § 1692g(a) as a matter of law.**

Cho alleges that Bishop violated 15 U.S.C. § 1692g(a) by writing the letter without first having personal knowledge regarding the extent of the debt's validity. (Dkt. 1 at ¶ 15). As an initial matter, this claim should fail for the same reason as Cho's claim under 15 U.S.C. § 1692e(3). It would be unfair, on the one hand, to require a law firm collecting debts to provide a disclaimer under one section of the FDCPA and then, on the other hand, forbid them to do so under another section. Such a rule would make it impossible to do business and constitute a *de facto* illegalization of debt collection.

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 5
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

In addition, there is no legal provision contained in 15 U.S.C. § 1692g(a) that requires an attorney to have such knowledge at the time an initial letter is generated that Cho states is required. Section 1692g(a) states as follows.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, **unless the following information is contained in the initial communication** or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

The initial communication from Bishop to Cho contained all of the information required by Section 1692g(a). *See* (Dkt. 1, Ex. A). The amount of the debt, the name of the creditor, and Cho's account number with that creditor are all contained in the "Re" section at the top of the letter. (Dkt. 1, Ex. A). This complies with Section 1692(a)(1)-(2) of the statute. The three statements provided in Section 1692(a)(3)-(5) of the statute are all provided in the second paragraph of the letter. (Dkt. 1, Ex. A). Where Bishop provided all required information in its initial communication, there is no violation of Section 1692(a) as a matter of law, and this claim should be dismissed.

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 6
CV-11-674 MJP
5332699

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**D.      Bishop did not violate 15 U.S.C. § 1692g(b) as a matter of law.**

Cho alleges that Bishop violated 15 U.S.C. § 1692(b) by not contacting the credit reporting agencies and advising that the debt was in dispute, and because Bishop did not continue updating Cho's credit report on a monthly basis. (Dkt. 1 at ¶ 20).  Section 1692g(b) requires that the entity must either provide the verification or cease debt collection activities, it does not require the debt collector to contact the credit reporting agencies.  In fact, as a matter of law, it is the debtor that is required to contact the credit reporting agencies and advise them that the debt is disputed.

> Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. … Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA [credit reporting agency] and setting up the CRA to receive notice of the investigation by the furnisher. *See* 15 U.S.C. § 1681i(a)(3) (allowing CRA to terminate reinvestigation of disputed item if CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant").

*Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)

> To prevail on a FCRA claim under 15 U.S.C. § 1681s-2(b), a plaintiff must "[notify] the [consumer reporting] agency directly" of disputed credit information, and that agency in turn must provide notice to the furnisher of the plaintiff's credit information, which is then obligated to conduct an investigation into the dispute. 15 U.S.C. § 1681i.

*Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 203 (D. D.C. 2009).

> … a consumer cannot maintain a claim under subsection (b) of 15 U.S.C. § 1681s-2 based on disputes filed directly with his or her credit card company. Rather, the consumer must communicate such disputes to a credit rating agency, which is then obligated to pass them on to the credit card company.

*Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438 (D. N.J. 2010).

While the above-cited authority relates primarily to the FRCA, its implementation is consistent with the FDCPA because contacting credit reporting agencies and advising that a debt is disputed would likely itself violate the FDCPA, as it would be contact with a third party (the credit reporting agencies) that advised them about Cho's debt.

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 7
CV-11-674 MJP
5332699

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, **a consumer reporting agency if otherwise permitted by law**, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

There are specific instances when the law provides that a debt collector can contact a credit reporting agency. For example, under 15 U.S.C. § 1692b, the "safe harbor" provision, a debt collector may communicate with "any person other than the consumer ... for the purpose of acquiring location information about the consumer." When doing so, however, the debt collector may "not state that such consumer owes any debt". *Id* at § 1692b(2). Cho alleges that Bishop violated Section 1692g(b) by "not marking the account in dispute and continuing on a monthly basis of updating Plaintiff's credit report." (Dkt. 1 at ¶ 20). If Bishop did contact the credit reporting agencies each month to update Cho's credit report, as Cho states Bishop was required to do, it would violate Section 1692g(b) because it would constitute impermissible collection action under the section, which states: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

Thus, for example, if Bishop had contacted Experian or Equifax each month and advised them that it believed Cho owed $ 22,765.46 on the debt, it would likely have violated both §§ 1692g(b) and 1692b(2) of the FDCPA. As a matter of law, it is the debtor that is required to contact the credit reporting agencies and advise them that a debt is disputed; a debt collector is not permitted to take this action. Therefore, Cho's claim under Section 1692g(b) fails and should be dismissed as a matter of law.

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 8
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**E.     Cho's alleged violation of 15 U.S.C. § 1692(e) will be addressed in a subsequent motion for summary judgment because it will require evidence beyond the pleadings.**

Cho alleges that Bishop violated 15 U.S.C. § 1692(e) by making false and misleading representations in connection with the debt. (Dkt. 1 at ¶ 21).  While it need not be considered here for purposes of the Rule 12(b)(6) motion, Bishop sent the initial communication to Cho on January 12, 2011. Bishop received a dispute letter from Cho on January 25, 2011, and sent verification of the debt to Cho on March 9, 2011.  No action was taken in the meantime, or thereafter, to collect the debt. Cho's alleged violation of 15 U.S.C. § 1692(e) will be addressed in a subsequent motion for summary judgment because it will require evidence beyond the pleadings, which Bishop intends to provide at that time.

**F.     Bishop did not violate 15 U.S.C. § 1681s-2 as a matter of law.**

**1.     There is no private right of action under § 1681s-2(a).**

Pursuant to 15 U.S.C. §§ 1681s-2(c)(1) and 1681s-2(d), enforcement of violations of § 1681s-2(a) is limited exclusively to designated state and federal officials. Therefore, consumers may not maintain an action for violation of Section 1681s-2(a). *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir.2009) ("Duties imposed on furnishers under [Section 1681s-2(a)] are enforceable only by federal or state agencies."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir.2002) ("Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies.")).

**2.     Cho failed to comply with the prerequisite to bringing an action under 15 U.S.C. § 1681s-2(b), which is that Cho, as a consumer, advise the credit reporting agencies that the debt is disputed.**

To prevail on a FCRA claim under 15 U.S.C. § 1681s-2(b), a plaintiff must notify the consumer reporting agency directly of disputed credit information, and that agency in turn must provide notice to the furnisher of the plaintiff's credit information, which is then obligated to conduct an investigation into the dispute. *Nelson*, 282 F.3d at 1060; *Phrasavang*, 656 F. Supp. 2d at 203; *Burrel*, 753 F. Supp. 2d 438.  Not only is it not alleged by Cho that Cho advised the credit

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 9
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

reporting agencies of the disputed debt, Cho alleges that it was Bishop that was required to do so. (Dkt. 1 at ¶¶ 20. 24). This is an error as a matter of law. Bishop was not the creditor and did not furnish any information to the credit reporting agencies. Mere knowledge by a creditor that the debtor disputes the debt does not give rise to any duty of reporting under 16 USC 1681s-2. In *Peasley v. Verison Wireless*, 364 F. Supp 2d 1198 (S.D. Cal 2005), the court held:

> 15 U.S.C. § 1681s-2(b) provides that "*[a]fter receiving notice pursuant to section 1681i(a)(2) of this title* of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the furnisher of information to a consumer reporting agency shall follow certain procedures established to ensure that accurate information is being provided. (emphasis in original). 15 U.S.C. § 1681i(a)(2) provides that "[b]efore the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer ..., the agency shall provide notification of the dispute to any person who provided any item of information in dispute ...." Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer. *See Whisenant v. First National Bank & Trust Co.*, 258 F.Supp.2d 1312, 1316 (N.D. Okla.2003) ("Courts have consistently held that a furnisher's duty under § 1681s-2(b) is triggered 'only after the furnisher receives notice of the dispute from a consumer reporting agency.'"); *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 640 (5th Cir.2002) ("Young points to no evidence tending to prove that Penney received notice of a dispute from a consumer reporting agency within five days, as is required to trigger Penney's duties under Section 1681s-2(b)."); *see also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783-4 (W.D. Ky.2003) ("More important, subsection (b) makes the furnisher's responsibilities contingent upon receiving 'notice pursuant to section 1681i(a)(2).' This means that a furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough.") (internal footnote omitted).

*Peasley*, 364 F. Supp. 2d at 1200.

Cho has not alleged either that he gave notice to the credit reporting agencies or that that the credit reporting agencies contacted Chase regarding the dispute.[1]

---

[1] Here, creditor Chase was the furnisher of the information. In regard to FDCPA claims, an attorney is generally not liable for the actions of his client. *See Clark v. Capital Credit & Collection Services, Inc*., 460 F.3d 1162, 1173 (9th Cir. 2006). Therefore, Bishop is not liable for transmissions of information to the credit reporting agencies by its client.

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 10
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> To prevail on a FCRA claim under 15 U.S.C. § 1681s-2(b), a plaintiff must "[notify] the [consumer reporting] agency directly" of disputed credit information, and that agency in turn must provide notice to the furnisher of the plaintiff's credit information, which is then obligated to conduct an investigation into the dispute. 15 U.S.C. § 1681i.

*Phrasavang*, 656 F. Supp. 2d at 203.

Therefore, as a matter of law, Cho may not bring an action under 15 U.S.C. § 1681s-2(b), so this cause of action should be dismissed.

### G.  Consumer protection Act

Cho alleges that Bishop violated Washington's Consumer Protection Act. This claim will be addressed in a subsequent summary judgment motion because it will require evidence beyond the pleadings, which Bishop intends to provide when its subsequent motion is filed.

## IV.  CONCLUSION

This Court should dismiss all of Cho's claims under Rule 12(b)(6), except the CPA claim and claim for the alleged violation of 15 U.S.C. § 1692(e), which will be addressed in a separate summary judgment motion because they require evidence beyond the pleadings.

## V.  PROPOSED ORDER

A proposed order is being provided with this motion.

Respectfully May 2, 2011.

                LEE SMART, P.S., INC.

                By: s/ Marc Rosenberg
                    Marc Rosenberg, WSBA No. 31034
                    Of Attorneys for Defendant
                    Bishop, White, Marshall & Weibel, P.S.

                    1800 One Convention Place,
                    701 Pike Street
                    Seattle, WA 98101-3929
                    Phone: (206) 262-8308,
                    Fax: (206) 624-5944
                    Email: mr@leesmart.com

DEFENDANT'S MOTION TO DISMISS CERTAIN CAUSES OF ACTION UNDER RULE 12(b)(6) - 11
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   DECLARATION OF SERVICE

2   I, Marc Rosenberg, do declare that on the date provided below, I caused to be served via

3   U.S. Mail the foregoing document on the following:

4   Christian Cho
    852 Summerhill Ridge Drive NW
5   Issaquah, WA 98027

6   Woon S. Hwang
7   852 Summerhill Ridge Drive NW
    Issaquah, WA 98027
8

9   I declare under penalty of perjury under the laws of the State of Washington that the

10  foregoing is true and correct.

11  DATED May 2, 2011, at Seattle, Washington.

                                    LEE SMART, P.S., INC.

                                    By: s/ Marc Rosenberg
                                        Marc Rosenberg, WSBA No. 31034
                                        Of Attorneys for Defendant
                                        Bishop, White, Marshall & Weibel, P.S.

                                        1800 One Convention Place,
                                        701 Pike Street
                                        Seattle, WA 98101-3929
                                        Phone: (206) 262-8308,
                                        Fax: (206) 624-5944
                                        Email: mr@leesmart.com

DEFENDANT'S MOTION TO DISMISS CERTAIN
CAUSES OF ACTION UNDER RULE 12(b)(6) - 12
CV-11-674 MJP
5332699

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944